

**Entered on Docket  
August 27, 2009**

_____  
**Hon. Mike K. Nakagawa  
United States Bankruptcy Judge**

_____

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Jointly Administered Under<br>) CASE NO.: 09-17008-MKN<br>) |
| Jesus Martinez, and<br>Marco Flores, | ) CASE NO.:  09-17008-MKN<br>) CASE NO.:  09-17010-BAM<br>) |
| Debtors.<br>_____ | ) Hearing Date:  August 19, 2009<br>) Hearing Time:  9:30 AM |

**ORDER (i) APPROVING FORM OF BALLOT AND PROPOSED SOLICITATION AND TABULATION PROCEDURES; (ii) FIXING THE VOTING DEADLINE WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN; (iii) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (iv) FIXING THE LAST DATE FOR FILING OBJECTIONS TO CHAPTER 11 PLAN; (v) SCHEDULING A HEARING TO (A) APPROVE THE DISCLOSURE STATEMENT; AND (B) CONSIDER CONFIRMATION OF THE CHAPTER 11 PLAN; AND (vi) APPOINTING THE SCHWARTZ LAW FIRM AS SOLICITATION AND TABULATION AGENT**

Upon the application dated June 3, 2009 (the "**Scheduling Motion**") of Jesus Martinez and Marco Flores (the "**Debtors**"), as debtors in possession, for an order, (i) approving the form of ballot and proposed solicitation and tabulation procedures for the Plan of Reorganization of Jesus Martinez and Marco Flores (as such plan may be amended from time to time, the "**Plan**"); (ii) fixing the voting deadline with respect to the Plan, (iii) prescribing the form and manner of notice thereof; (iv) fixing the last day for filing objections to the Plan; (v) scheduling a hearing to

(a) approve the Disclosure Statement; and (b) consider the confirmation of the Plan, and (vi) approving The Schwartz Law Firm ("**SLF**") as the Debtors' solicitation and tabulation agent (the "**Solicitation and Tabulation Agent**"); and it appearing that the Court has jurisdiction over this matter; and it further appearing that the relief requested in the Scheduling Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is therefore:

**ORDERED THAT**

1. Pursuant to section 1125 of the Bankruptcy Code and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure, the Disclosure Statement, docket 81, is hereby approved.

2. Pursuant to Bankruptcy Rule 3017(c), October 16, 2009, at 5:00 p.m. Pacific Time shall be the last date to vote to accept or reject the Plan (the "**Voting Deadline**").

3. Pursuant to section 1128(a) of the Bankruptcy Code and Bankruptcy Rule 3017(c), the Confirmation Hearing in this Chapter 11 case shall be held on October 27, 2009 at 9:30 a.m.

4. Pursuant to Bankruptcy Rules 3020(b) and 9006(c)(1), objections, if any, to confirmation of the Plan shall be in writing and shall (a) state the name and address of the objecting party and the nature and amount of the claim or interest of such party, (b) state with particularity the basis and nature of each objection or proposed modification to the Plan and (c) be filed, together with proofs of service, with the Court (with a copy delivered to chambers) and served so that such objections are actually received by the parties listed below, no later than October 16, 2009, at 5:00 p.m. Pacific Time (the "**Confirmation Objection Deadline**"):

Samuel A. Schwartz, Esq.
The Schwartz Law Firm
626 South Third Street
Las Vegas, Nevada 89101
Facsimile: (702) 866-9774

5. That any party failing to file and serve an objection to the Plan in compliance with this order shall be barred from raising any objections at the Confirmation Hearing.

6. That the Confirmation Hearing may be adjourned from time to time without prior notice to holders of claims, holders of equity interests, or other parties in interest other than the announcement of the adjourned hearing date at the Confirmation Hearing.

7. Pursuant to Bankruptcy Rule 3017(d), the Record Date shall be October 16, 2009 (the "**Record Date**").

8. Pursuant to Bankruptcy Rules 3018(c) and 3017(a), the form of ballots attached as Exhibit B to the Scheduling Motion is approved.

9. Pursuant to Bankruptcy Rules 3017(c) and 3018(a), the holders of claims in each of Classes 2, 3 and 6 of the Plan as of the Record Date may vote to accept or reject the Plan by indicating their acceptance or rejection of the Plan on the Ballots provided therefore.

10. Pursuant to Bankruptcy Rule 3017(d), the Voting Procedures as outlined in the Motion are approved.

11. Pursuant to Bankruptcy Rule 3017(d), the Unimpaired Class Notice as attached to the Motion is approved.

12. That the provision of notice in accordance with the procedures set forth in this Order and the Voting Procedures shall be deemed good and sufficient notice of the Confirmation Hearing, the Voting Deadline and the Confirmation Objection Deadline.

13. That, pursuant to Bankruptcy Rule 3017(c), but except as otherwise expressly provided in the Voting Procedures, in order to be considered as acceptances or rejections of the Plan, all Ballots must be properly completed, executed, marked and actually received by the Solicitation and Tabulation Agent on or before the Voting Deadline.

14. That the Solicitation and Tabulation Agent is authorized and directed to effect any action reasonably necessary to accomplish the solicitation and tabulation services contemplated by the Disclosure Statement and the Voting Procedures.

15. That the Debtors are not required to mail a Solicitation Package, an Unimpaired Class Notice or a Shareholder Notice (as the case may be) to any individual or entity at an address from which notice of the Disclosure Statement Hearing was returned by the United States Postal Office as undeliverable, unless the Debtors or the Solicitation and Tabulation Agent are provided with a more accurate address prior to the Record Date.

16. That any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that such superseding Ballot is actually received by the Solicitation and Tabulation Agent in the manner provided in the Voting Procedures on or before the Voting Deadline.

17. That the Debtors is authorized and empowered to take such other actions and execute such other documents as may be necessary or appropriate to implement the terms of this Order.

18. That this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Submitted by:

The Schwartz Law Firm, Inc.

By /s/ Samuel A. Schwartz
SAMUEL A. SCHWARTZ, #10985
Attorney for Debtors

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

__ The court has waived the requirement of approval under LR 9021.

__ No parties appeared or filed written objections, and there is no trustee appointed in the case.

_x_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

APPROVED:

DISAPPROVED:

FAILED TO RESPOND: